**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN MATTHEWS, | No. 16-55066 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01340-MMA-BLM |
| v. | |
| DAVID J. SHULKIN,* Secretary, Department of Veterans Affairs; ROES, 1 through 20, inclusive, | MEMORANDUM** |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 26, 2017***

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Carmen Matthews appeals pro se from the district court's summary

---

\*      David J. Shulkin has been substituted for his predecessor, Robert McDonald, as Secretary of Veterans Affairs under Fed. R. App. P. 43(c)(2).

\*\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment in her employment action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002).  We may affirm on any ground supported by the record.  *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir. 2001).  We affirm.

The district court properly granted summary judgment on Matthews' Title VII claims because Matthews failed to raise a genuine dispute of material fact as to whether her claims were encompassed by her EEOC complaints or whether she administratively exhausted her claims prior to March 28, 2011.  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) (to be considered administratively exhausted, claim must fall within the administrative charge or be reasonably expected to be related to the charge); *Lyons v. England*, 307 F.3d 1092, 1104-05 (9th Cir. 2002) (in order to administratively exhaust Title VII claims, federal employees must consult an EEOC counselor within 45 days of the date of the matter alleged).

Even assuming that Matthews administratively exhausted her Title VII claims, the district court properly granted summary judgment because Matthews failed to raise a genuine dispute of material fact as to whether she was subjected to harassment, discrimination, or retaliation.  *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (plaintiff must demonstrate an adverse employment action to demonstrate discrimination); *Vasquez v. County of*

*Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (to demonstrate a hostile work environment, plaintiff must establish that the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062, 1064 (9th Cir. 2002) (setting forth the elements of a Title VII discriminatory termination or retaliation claim and the burden-shifting framework, and noting that circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Matthews' Rehabilitation Act claims because Matthews failed to raise a genuine dispute of material fact as to whether she was terminated "because of" her disability, and whether defendant failed to provide reasonable accommodations in response to a proper request. *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (prima facie case of disability discrimination requires showing that plaintiff was fired "because of" disability); *Vinson v. Thomas*, 288 F.3d 1145, 1153 (9th Cir. 2002) (agency may require reasonable evidence of disability before providing accommodations).

The district court properly granted summary judgment on Matthews' 42 U.S.C. §§ 1981 and 1983, Fourteenth Amendment, Cal. Gov't Code § 12940, and tort claims because Title VII is Matthews' exclusive remedy as a former federal employee and the Americans with Disabilities Act ("ADA") does not encompass

the federal government.  *See* 42 U.S.C. § 12111(5)(B)(i) (excluding the United States from the definition of "employer" under the ADA); *Nolan v. Cleland*, 686 F.2d 806, 814-15 (9th Cir. 1982) (Title VII is the exclusive remedy for federal employees if the additional claims arise from the same factual predicate as the Title VII claim).

The district court did not abuse its discretion in granting in part defendants' motion to strike Matthews' handwritten notes and unauthenticated deposition transcripts from the evidentiary record on summary judgment.  *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (standard of review on motion to strike).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

16-55066